**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
REGEANIA HUNTER COLEMAN,                )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )   Civil Action No. 14-1513 (CKK)
                                        )
TOYOTA MOTOR CREDIT CORPORATION,        )
                                        )
            Defendant.                  )
_____)

**MEMORANDUM OPINION**
(June 9, 2015)

Plaintiff, Regeania Hunter Coleman, who is proceeding *pro se*, filed suit on September 4, 2014, against Defendant, Toyota Motor Credit Corporation, alleging claims arising out of the apparent repossession of her 2008 Lexus IS in Michigan. Although Plaintiff's Complaint is far from a model of clarity, Plaintiff appears to allege "grand theft auto" due to Defendant's failure to notify Plaintiff of its intent to recover the vehicle, fraud, misrepresentation, and claims under several federal criminal statutes related to counterfeiting. On October 2, 2014, Defendant filed a Motion to Dismiss urging the Court to dismiss Plaintiff's Complaint on four bases: lack of subject matter jurisdiction, failure to state a claim, improper venue, and *forum non conveniens*. On October 3, 2014, the Court advised Plaintiff that if she failed to respond to Defendant's Motion to Dismiss, the Court would treat Defendant's Motion as conceded and dismiss the Complaint. Order (Oct. 3, 2014), ECF No. [7], at 1 (citing *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988)). In addition, the Court ordered Plaintiff "to include in her response to Defendants' Motions to Dismiss a precise statement of the nature of the claims she is making in her Complaint and the legal grounds in order to assist the Court and parties in determining her claims." *Id.* at 1-2. Plaintiff subsequently

filed a series of "affidavits in support of plaintiff's claim" that purportedly responded to Defendant's Motion to Dismiss, but did not significantly clarify her claims.¹ Defendant did not file a Reply. Accordingly, the Court finds Defendant's Motion is now ripe for review.

Upon consideration of the pleadings,² the relevant legal authorities, and the record as a whole, the Court finds that it lacks subject matter jurisdiction over Plaintiff's Complaint and, accordingly, shall GRANT Defendant's Motion to Dismiss. As the Court finds there is no subject matter jurisdiction over Plaintiff's Complaint, the Court will only address Defendant's arguments to that effect.

## I.     LEGAL STANDARD

A court must dismiss a case pursuant to Federal Rule of Civil Procedure 12(b)(1) when it lacks subject matter jurisdiction. In determining whether there is jurisdiction, the Court may "consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (citations omitted); *see also Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253 (D.C. Cir. 2005) ("[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."). "At the motion to dismiss stage, counseled complaints, as well as *pro se* complaints, are to be construed with sufficient liberality to afford all

---

¹ In Plaintiff's "Affidavit of Jurisdiction," Plaintiff states that she "asserts that a Temporary Restraining Order be effectuated against Defendant in the instant matter." Pl.'s Opp'n, at 2. The Court notes that, to the extent Plaintiff is seeking a temporary restraining order from this Court, Plaintiff has failed to comply with Local Civil Rule 65.1(a) pertaining to applications for temporary restraining orders.

² Defendant's Motion to Dismiss ("Def.'s Mot."), ECF No. [6]; Plaintiff's Affidavit in Support of Plaintiff's Complaint ("Pl.'s Opp'n"), ECF No. [8].

possible inferences favorable to the pleader on allegations of fact." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). In spite of the favorable inferences that a plaintiff receives on a motion to dismiss, it remains the plaintiff's burden to prove subject matter jurisdiction by a preponderance of the evidence. *Am. Farm Bureau v. EPA*, 121 F. Supp. 2d 84, 90 (D.D.C. 2000). "Although a court must accept as true all factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), [a] plaintiff['s] factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Wright v. Foreign Serv. Grievance Bd.*, 503 F. Supp. 2d 163, 170 (D.D.C. 2007) (internal citations and quotation marks omitted). In the case of a *pro se* plaintiff, although the Court is required to construe the *pro se* complaint liberally, *see Howerton v. Ogletree*, 466 F. Supp. 2d 182, 183 (D.D.C. 2006), "[p]ro se plaintiffs are not freed from the requirement to plead an adequate jurisdictional basis for their claims," *Gomez v. Aragon*, 705 F. Supp. 2d 21, 23 (D.D.C. 2010) (citation omitted).

## II. DISCUSSION

Defendant argues that this case should be dismissed because Plaintiff has failed to establish both diversity and federal question subject matter jurisdiction. The limited original jurisdiction of federal courts only extends to "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the parties are "citizens of different States," 28 U.S.C. § 1332(a), and to cases that arise under federal law, 28 U.S.C. § 1331. As Plaintiff has failed to carry her burden to show by a preponderance of the evidence that either of the jurisdictional requirements are met, this case must be dismissed. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

First, diversity jurisdiction does not exist in this case because the amount in controversy falls well below the statutory minimum. On the Civil Cover Sheet and in her Complaint, Plaintiff

specifically indicates that she seeks relief of $28,525.22.  *See* Civil Cover Sheet, ECF No. [1-1], at 2; Compl., ECF No. [1], at 1, 8 ("In the event the Defendant cannot substantiate this claim to produce bona fide evidence of the same, then the Civil Demand and the injuries associated therewith will be awarded in the amount of ($USD28,525.22) NUNC PRO TUNC.").  Plaintiff does not seek any other relief that would cause the amount in controversy to exceed the necessary threshold of $75,000.  Although Defendant brought the amount-in-controversy requirement to Plaintiff's attention in its Motion to Dismiss, *see* Def.'s Mot., at 13 n.4, Plaintiff does not engage with this jurisdictional issue in her affidavits of support, but reaffirms that she is seeking relief in the amount of $28,525.22, Pl.'s Opp'n, at 15. Accordingly, the Court finds that Plaintiff has not met her burden of establishing that the Court has jurisdiction over this matter on diversity grounds.  *See Lujan*, 504 U.S. at 561; 28 U.S.C. § 1332(a).

      Second, Plaintiff has failed to plead any claim that arises under federal law that would establish federal question jurisdiction over this matter.  *See* 28 U.S.C. § 1331.  Plaintiff's Complaint alleges almost exclusively state common law causes of action.  Plaintiff's Complaint does refer to federal statutes related to counterfeiting, *see* Compl., at 5-6 (citing 18 U.S.C. §§ 472-74 and the Counterfeit Detection Act of 1992, codified at 18 U.S.C. §§ 471, 474, 474A), that create criminal penalties for the counterfeiting of U.S. currency and other U.S. government-issued securities.  However, these criminal statutes—although federal statutes—cannot provide a private citizen such as Plaintiff with the necessary federal law "hook" because, "as with most criminal statutes, the Government alone determines whether to prosecute offenders." *Bauer v. Marmara*, 774 F.3d 1026, 1032 (D.C. Cir. 2014), *cert. denied*, No. 14-1155, 2015 WL 1289603 (U.S. May 26, 2015); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American

jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Plaintiff also references the UCC in her Complaint and notes that Defendant "is not able to loan 'their or their depositor's money' under FEDERAL LAW." Compl., at 4.  In addition, in Plaintiff's affidavits, Plaintiff references the Sarbanes-Oxley Act, 21 U.S.C. § 853 (the criminal forfeiture statute), and several constitutional amendments.  *See* Pl.'s Opp'n, at 7-10 (invoking the First, Fourth, and Sixteenth Amendments).  None of these alleged principles or provisions, however, "amounts to a cause of action here, especially given that defendant[] [is] not a government entit[y] or state actor[]." *Theus v. Selene Fin., LLC, et al.*, 14-cv-1280, 2015 WL 1640630, at *4 (D.D.C. Apr. 14, 2015).  Finally, Plaintiff styles her lawsuit as an "IRS Federal 871 Tax Suit," *see* Compl., at 1; Civil Cover Sheet, at 1; however, beyond this conclusory label, Plaintiff's Complaint is devoid of any further tax-related reference or factual allegations or exhibits that would support a tax-related cause of action.  Accordingly, Plaintiff's Complaint would be more appropriately filed in a state court with jurisdiction over Plaintiff's state law claims.

### III.    CONCLUSION

For the foregoing reasons, the Court shall GRANT Defendant's Motion to Dismiss for lack of subject matter jurisdiction.  An appropriate Order accompanies this Memorandum Opinion.

                                          */s/*
                             **COLLEEN KOLLAR-KOTELLY**
                             UNITED STATES DISTRICT JUDGE